# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO CESAR NAVAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68854

FILED

FEB 1 7 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REMAND

This is an appeal from a second amended judgment of conviction, pursuant to a jury verdict, of one count of lewdness with a child under the age of 14 and two counts of open or gross lewdness. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge. Appellant Julio Cesar Navas raises several arguments in this appeal. We remand with instructions for the district court to correct a clerical error.

Navas was initially convicted of one count of sexual assault of a child (count 1), one count of lewdness with a child under the age of 14 (count 2), and two counts of open or gross lewdness (counts 3 and 4). He was sentenced on March 10, 2006; the judgment of conviction was entered the same day and it stated that Navas had spent 1,320 days in presentence confinement. This court affirmed the judgment and sentence on appeal. *Navas v. State*, Docket No. 46966 (Order of Affirmance, December 12, 2008). Navas then filed a postconviction petition for a writ

17-05739

of habeas corpus. The district court granted the petition in part, finding that counsel was ineffective regarding count 1 but not the remaining counts. This court affirmed, *Navas v. State*, Docket No. 65348 (Order of Affirmance, April 15, 2015), and the district court entered an amended judgment of conviction removing count 1. At Navas' request, the district court entered a second amended judgment of conviction which stated that he had been in custody for 4,768 days. The second amended judgment of conviction was ordered nunc pro tunc to March 10, 2006.[1]

Navas raises several challenges to the second amended judgment of conviction. Most of his arguments are unclear, speculative, or inappropriately raised in an appeal from a second amended judgment of conviction and therefore we do not address them. However, we agree with Navas that the second amended judgment of conviction is confusing as it does not specifically state the number of days he spent in presentence confinement (i.e., before his original sentencing date of March 10, 2006). *See* NRS 176.105. Therefore, we remand with instructions for the district court to amend the judgment of conviction to specify the credits for presentence confinement.[2] The judgment of conviction should be ordered nunc pro tunc to March 10, 2006. To the extent Navas challenges the computation of credit for time served *after conviction*, the appropriate

---

[1]Nunc pro tunc is Latin "now for then" and is defined as "[h]aving retroactive legal effect through a court's inherent power." *Nunc Pro Tunc, Black's Law Dictionary* (10th ed. 2014).

[2]Navas does not dispute that he spent 1,320 days in confinement before conviction.

remedy is a postconviction petition for a writ of habeas corpus. *See* NRS 34.724(2)(c). Accordingly, we

REMAND for entry of an amended judgment of conviction consistent with this order.[3]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                    Stiglich

cc:    Hon. Jerome M. Polaha, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Attorney General/Las Vegas
       Washoe County District Attorney
       Washoe District Court Clerk

---

[3]This order constitutes our final disposition of this matter.